UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 09-49474-PHB |
| RAVENSCREST TRUST, | Chapter 7 |
| Debtor. | DECLARATION OF |
| CO-TRUSTEE | RICHARD SORRELS IN |
| SUPPORT | OF MOTON TO |
| RECONSIDER | |

I, Richard Sorrels, declare as follows:

I am a co-trustee of Debtor in the above entitled bankruptcy proceeding. I have personal kowledge of the facts set forth in this declaration.

These statements are provided in support of the motion to reconsider the Orders entered by Judge Brandt on March 15, 2010 which annuls the automatic stay, and dismisses the case. Both of these orders are based upon the finding that (1) Debtor's trust document contains a restraint on alienation, and (2) the formation documents are not recorded with the Washington Secretary of State thereby precluding Debtor from clasification as a Massachusetts business trust under RCW 23.90.040.

The Ravenscrest Trust Document (Exhibit 1) does contain a provision against alienation, as recognized by Judge Brandt (RP, p.3), and it does contain additional language "except as provided herein", which Judge Brandt also acknowledged (RP, p.4), but Judge Brandt failed to take notice of the "provision herein" in paragraph 3.1 which specifically allows that "A Beneficiary's interest shall be transferrable at the sole descretion of the Beneficiary that owns that interest."

The Trust Document does indeed contain language that allows transfer of interest. Judge Brandt simply failed to identify the existance of that language in the Trust Document.

Judge Brandt is correct in that the formation documents are not recorded with the Washington Secretary of State. Judge Brandt, however, fails to recognize that there is no requirement for those documents to be filed or recorded therewith.

Ravenscrest Trust is a "business trust" as recognized in Federal statute and case law, with a statutory entitlement to file a bankruptcy petition (See Memorandum).

Neither a Trustee nor any Beneficiary of Ravenscrest Trust has ever claimed nor even suggested that Ravenscrest Trust is a Massachusetts trust.

"Business trust" is a general catagory of entity recognized by the Bankruptcy Code. Massachusetts trust is but one sub-entity or type of "business trust".

RCW 23.90.040 requires that "Any Massachusetts trust desiring to do business in this state shall file with the secretary of state a verified copy of the trust instrument." The statute does NOT require all business trusts to file or register, it only requires Massachusetts trusts (as defined by Washington statute) to file. (Exhibit 2).

In 2006, 2008, and again in January 2010, I met with Secretary of State officials and discussed

whether Ravenscrest Trust was required to file as a Massachusetts trust. At each of those times, it was emphasised that a Masachusetts trust (under the Washington definition) was limited to only "the holding and managing of real property, with a limited ability to conduct business." Ravenscrest Trust did NOT meet the Washington definition due to its extensive dealings in personal property and extensive business dealings. The Washington statute defines Massachusetts trust as more of a Real Estate Investment Trust (REIT) which does not actively conduct store-front business. I understand that REIT's do NOT meet the Federal definition of a "business trust".

A letter obtained from the Secretary of State's Office in March 2010, clearly states that "Massachusetts trusts are the only type of business referenced in RCW 23.90. It does not address any other type of trust or business" (Exhibit 3).

An e-mail received from the Secretary of State's Office on March 29, 2010 clearly acknowledges my attempts to file the Ravenscrest Trust documents with the Secretary of State's Office in 2008 and again in January 2010, and their refusal to accept my filings because Ravenscrest Trust did not then meet the Washington definition of a Massachusetts Trust (Exhibit 4).

The Department of Licensing records list the "entity type" for Ravenscrest Trust as "Trust" (Exhibit 5).

A typical "Massachusetts trust is the Russell Investment Company (UBI 601-167-076), where the Department of Licensing records lists the entity type as "Massachusetts Trust" (Exhibit 6).

Department of Licensing provided a copy of their guidesheet instructions for "Types of business structures" which identifies two different entity types for businesses identified as trusts, i.e., "trusts" and "Massachusetts trusts" (Exhibit 7). DOL's position is that only businesses file a Master Business License Application, and if a "trust" applies, then it must be a "business trust".

The Department of Revenue, as well, recognizes Ravenscrest Trust as a fully licensed and registered business trust (Exhibit 8).

It should be noted that the term "business trust" can only be found in one location in the RCW, in RCW 11.98.009, where a distinction is made betwen two types of business trusts, those that have certificates of beneficial interests and those that do not (Exhibit 9).

Washington State has its Regulatory Fairness Act (RCW 19.85) which cites a Legislative finding that "administrative rules have a disproportionate impact on the state's small businesses" and that it "enacts the Regulatory Fairness Act with the intent of reducing the disproportionate impact of state administrative rules on small business." (Exhibit 10). With a hands-off philosophy concerning interference with small business, it is not surprising that few references to "business trusts" exist in Washington State statutes. Generally, all that businesses need to do in Washington is to register with the Department of Licensing and the Department of Revenue.

Washington State DOES allow business trusts which are not Massachusetts trusts, but this issue is moot anyway, because the Federal case law states that Federal laws prevail when determining if an entity meets the requirements of a "Business trust".

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 25th day of March 2010 in Pierce County Washington.


_____/s/_____

Richard Sorrels
Exhibits
1. Ravenscrest Trust Document.
2. RCW 23.90.
3. Secretary of State letter.
4. Secretary of State E-mail.
5. Dept of Licensing record for Ravenscrest Trust.
6. Dept of Licensing record for typical Massachusetts trust.
7. DOL Guidesheet for Type of Entity.
8. Dept of Revenue record for Ravenscrest Trust.
9. RCW 11.98.009.
10. RCW 19.85.011.

RAVENSCREST TRUST
9316 GLENCOVE RD
GIG HARBOR WA 98329

DETACH BEFORE POSTING



**MASTER LICENSE SERVICE**
PO Box 9034 • Olympia, WA 98507-9034 • (360) 664-1400

# REGISTRATIONS AND LICENSES

STATE OF WASHINGTON

Trust

Unified Business ID #: 602 602 296
Business ID #: 1
Location: 1

RAVENSCREST TRUST
8717 KEY PENNISULA HWY
LAKEBAY WA 98349

TAX REGISTRATION

The licensee named above has been issued the business registrations or licenses listed. By accepting this document the licensee certifies the information provided on the application for these licenses was complete, true, and accurate to the best of his or her knowledge, and that business will be conducted in compliance with all applicable Washington state, county, and city regulations.

*Elizabeth A. Luce*
Director, Department of Licensing

**License Information:**

| | |
|---|---|
| Entity Name: | RAVENSCREST TRUST |
| Firm Name: | RAVENSCREST TRUST |
| License Type: | Washington State Business Trust |
| UBI: | 602602296    Business ID:001    Location ID:0001 |
| Status: | To check the status of this business, go to |

**Location Address:**
8717 KEY PENNISULA HWY
LAKEBAY, WA, 98349

**Mailing Address:**
9316 GLENCOVE RD
GIG HARBOR, WA, 98329

RICHARD E SORRELS

[ New Search ]

This site is limited to searching for business and professional licenses issued by the Departme Licensing or through the Master License Service. You may wish to click on OTHER LICENSES check for information on licenses issued by other agencies.

Use of lists of individuals provided on this site for commercial purposes is prohibited under Ch 42.56 of the Revised Code of Washington.



- Find Your Legislator
- Visiting the Legislature
- Agendas, Schedules and Calendars
- Bill Information
- Laws and Agency Rules
- Legislative Committees
- Legislative Agencies
- Legislative Information Center
- E-mail Notifications (Listserv)
- Students' Page
- History of the State Legislature

- Congress - the Other Washington
- TVW
- Washington Courts
- OFM Fiscal Note Website

Access Washington

## Chapter 23.90 RCW
## Massachusetts trusts

### RCW Sections

Short title.

Massachusetts trust defined.

Form of association authorized.

Filing trust instrument, effect -- Powers and duties of trus

Fees for services by secretary of state.

Indemnification of agents of any corporation authorized.

Severability -- 1959 c 220.

**Notes:**
Revolving fund of secretary of state, deposit of moneys for costs of state's functions under this chapter: RCW

## 23.90.010
## Short title.

This chapter may be known and cited as the "Massachusetts Trust Act of 1959".

[1959 c 220 § 1.]

## 23.90.020
## Massachusetts trust defined.

A Massachusetts trust is an unincorporated business association created at common law by an instrument under which property is held and managed by trustees for the benefit and profit of such persons as may be or may become the holders of transferable certificates evidencing beneficial interests in the trust estate, the holders of which certificates are entitled to the same limitation of personal liability extended to stockholders of private corporations.

[1959 c 220 § 2.]

## 23.90.030
## Form of association authorized.

A Massachusetts trust is permitted as a recognized form of association for the conduct of business within the state of Washington.

[1959 c 220 § 3.]

## 23.90.040
## Filing trust instrument, effect — Powers and duties of trust.

(1) Any Massachusetts trust desiring to do business in this state shall file with the secretary of state a verified copy of the trust instrument creating such a trust and any amendment thereto, the assumed business name, if any, and the names and addresses of its trustees.

(2) Any person dealing with such Massachusetts trust shall be bound by the terms and conditions of the trust instrument and any amendments thereto so filed.

(3) Any Massachusetts trust created under this chapter or entering this state pursuant thereto shall pay such taxes and fees as are imposed by the laws, ordinances, and resolutions of the state of Washington and any counties and municipalities thereof on domestic and foreign corporations, respectively, on an identical basis therewith. In computing such taxes and fees, the shares of beneficial interest of such a trust shall have the character for tax purposes of shares of stock in private corporations.

(4) Any Massachusetts trust shall be subject to such applicable provisions of law, now or hereafter enacted, with respect to domestic and foreign corporations, respectively, as relate to the issuance of securities, filing of required statements or reports, service of process, general grants of power to act, right to sue and be sued, limitation of individual liability of shareholders, rights to acquire, mortgage, sell, lease, operate and otherwise to deal in real and personal property, and other applicable rights and duties existing under the common law

and statutes of this state in a manner similar to those applicable to domestic and foreign corporations.

(5) The secretary of state, director of licensing, and the department of revenue of the state of Washington are each authorized and directed to prescribe binding rules and regulations applicable to said Massachusetts trusts consistent with this chapter.

[1981 c 302 § 3; 1979 c 158 § 88; 1967 ex.s. c 26 § 21; 1959 c 220 § 4.]

Notes:

Severability -- 1981 c 302: See note following RCW 19.76.100.

Effective date -- 1967 ex.s. c 26: See note following RCW 82.0...

## 23.90.050
### Fees for services by secretary of state.

See RCW 43.07.120.

## 23.90.060
### Indemnification of agents of any corporation authorized.

See RCW 23B.17.030.

## 23.90.900
### Severability -- 1959 c 220.

Notwithstanding any other evidence of legislative intent, it is declared to be the controlling legislative intent that if any provision of this chapter, or the application thereof to any person or circumstances is held invalid, the remainder of the chapter and the application of such provision to persons or circumstances other than those as to which it is held invalid shall not be affected thereby.

[1959 c 220 § 5.]

Case 09-49474-BDL    Doc 52    Filed 03/29/10    Ent. 03/29/10 23:54:23    Pg. 8 of 10

# STATE of WASHINGTON  SECRETARY of STATE

Corporations Division • 801 Capitol Way South • PO Box 40234 • Olympia, WA 98504-0234 • 360/725-0377 • Fax 360/664-0055

## MASSACHUSETTS TRUST - RCW 23.90
Statements of Fact

To whom this may concern:

Pursuant to RCW 23.90.020 the Massachusetts trust defined: A Massachusetts trust is an unincorporated business association created at common law by an instrument under which property is held and managed by trustees for the benefit and profit of such persons as may be or may become the holders of transferable certificates evidencing beneficial interests in the trust estate, the holders of which certificates are entitled to the same limitation of personal liability extended to stockholders of private corporations.

The Secretary of State's Corporations Division is the keeper of the documents that satisfy the filing requirements of the Massachusetts Trusts as defined in statute. Massachusetts Trusts are the only type of business referenced in RCW 23.90. It does not address any other type of trust or business.

Respectfully,

*Tobi Snyder* (signature)

Tobi Snyder
Secretary of State, Corporations Division
Customer Service Supervisor

| | |
|---|---|
| From: | "Snyder, Tobi" <tobi.snyder@sos.wa.gov> |
| To: | <ricksorrels@centurytel.net> |
| Cc: | "Shea, Linda" <linda.shea@sos.wa.gov> |
| Sent: | Monday, March 29, 2010 11:23 AM |
| Subject: | Massachusetts Trust - statement of fact 3/29/10 |

March 29, 2010

Dear Mr. Richard Sorr=ls:

This is to confirm th=t the events noted below are true and accurate to the best of my knowledge:<=o:p>

- =μιδδοτ;  =nbsp;  2008: =Richard Sorrels discussed submitting <=span>a Massachusetts Trust filing to the Office of the Secretary of State (SOS), Corporations division.  This document would =ave been rejected by SOS staff based on management interpretation that it was SOS' responsibility to ensure that all Massachusetts Trusts held r=al estate property in trust, in accordance with RCW 23.90.020=; therefore the document was never submitted for review.
- =μιδδοτ;  =nbsp;  Jan 2010:&n=sp; Richard Sorrels contacted the SOS office and was again told that his entity=did not qualify as a Massachusetts Trust, as per above.
- =μιδδοτ;  =nbsp;  2/1/10:&nbs=; SOS management issued guidance on Corporations' employees role of being "ministerial" in accordance with statutes, stating that employe=s are to act in a ministerial manner after identifying specific, required fac=s, with no personal judgment or discretion.
- =μιδδοτ;  =nbsp;  March 2010:=nbsp; Richard Sorrels contacted the SOS office and was told that he could file hi= entity, as long as the specific, required facts were provided in accordance=with RCW 23.90.040

Signed:  Tobi Sn=der


Tobi Snyder
Customer Service Supervi=or
Secretary of State, Corp=rations Division
(360) 725-0377
tobi.snyder@sos.wa.gov

3/29/2010