**NOT FOR PUBLICATION**[1]
**POST ON COURT'S WEBSITE**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>RAVENSCREST TRUST,<br><br>           Debtor. | No. 09-49474<br><br>**ORDER DENYING RECONSIDERATION OF DISMISSAL** |

    In accordance with the Order Setting Hearing (docket no. 58), Debtor's motion for reconsideration came on for hearing 12 May 2010. Debtor appeared by Richard Sorrels, a trustee of the trust, and the United States Trustee by Marjorie S. Raleigh. Mr. Sorrels is not an attorney, and indicated he had not succeeded in finding a new attorney for the trust. In view of the need for finality in this matter, I had previously denied a request to continue the hearing, and heard Mr. Sorrels on behalf of the trust.

    Although the hearing was set for 10:30 a.m., I heard it at the beginning of the 9:30 a.m. calendar on Mr. Sorrels' request, as he needed to attend to a family emergency. I inquired whether the parties would submit the motion on the papers; they agreed to do so. I have reviewed those filings, including those submitted in response to the Order to Establish Eligibility (docket no. 26), and conclude that the

---

[1] THIS ORDER IS NOT APPROVED FOR PUBLICATION AND MAY NOT BE CITED EXCEPT WHEN RELEVANT UNDER THE DOCTRINES OF LAW OF THE CASE OR OF PRECLUSION.

(09-49474 - Ravenscrest Trust)
ORDER DENYING RECONSIDERATION OF DISMISSAL- 1 of 4

motion for reconsideration should be denied: although it appears that the trust documents do provide for transferability of ownership interests, the fact remains that, on the date the petition was filed, 18 December 2009, Ravenscrest was not registered as a Massachusetts business trust with the Secretary of State of Washington, as required by RCW 23.90. See the fourth declaration of Mr. Sorrels (docket no. 77) and the certificate issued by the Secretary of State on 1 April 2010 (exhibit 13 to docket no. 56).

As noted in the Order Setting Hearing . . . the exercise of corporate powers in Washington requires statutory recognition, Pacific Am. Realty Trust v. Lonctot, 62 Wn. 2d 91, 381 P.2d 123 (1963). RCW 23.90 provides the mechanism for obtaining that recognition. Debtor argues in Mr. Sorrels' fourth declaration (docket no. 77), that RCW 23B.01.250 validates Ravenscrest's existence prior to the issuance of that certificate on 1 April 2010. That subsection provides:

> (4) The secretary of state's duty to file records under this section is ministerial. Filing or refusal to file a record does not:
>
>     (a) Affect the validity or invalidity of the record in whole or part;
>
>     (b) Relate to the correctness or incorrectness of information contained in the record; or
>
>     (c) Create a presumption that the record is valid or invalid or that information contained in the record is correct or incorrect.

Even if that subsection is construed to mean that the validity or invalidity of the record, or the correctness or incorrectness of the information in it, means that an entity can exercise corporate powers under Washington law without a certificate from the Secretary of State,

rather than merely that the document has whatever validity it has as between the parties to it, and the information is correct or not as it may be independent of the record's filing, it does not save Ravenscrest's position. RCW 23B.01.250 pertains to records which "satisfy the requirements of RCW 23B.01.200," and those are records which "this title requires or permits to be filed in the Office of the Secretary of State." RCW 23B.01.200(3). Washington's statutory requirements respecting Massachusetts trusts are found in Title 23, not Title 23B.

Further, vacating the dismissal would be futile: Mr. Sorrels stated in response to my inquiry at hearing that the purpose of reviving the case would be to permit the trust to operate a business on its property. Even if the trust had an interest in the property which was the subject of the Honse deed of trust when it filed its petition, which appears doubtful, the stay was annulled with respect to the Honse foreclosure, and they had conducted their foreclosure sale before the recording of the quit claim deed vesting the property in Ravenscrest. The recording was also after the Ravenscrest bankruptcy petition was filed. The order annulling stay (docket no. 46) is long since final.

Accordingly, **IT IS ORDERED** that the motion for reconsideration of the dismissal of this case is **DENIED**.

/// – **END OF ORDER** – ///

United States Bankruptcy Judge
(Dated as of Entered on Docket date above)

(09-49474 - Ravenscrest Trust)
ORDER DENYING RECONSIDERATION OF DISMISSAL- 3 of 4

CERTIFICATE OF SERVICE:
I CERTIFY I SERVED COPIES OF
THE FOREGOING (VIA U.S. MAIL,
FACSIMILE, OR ELECTRONICALLY) ON:

| | |
|---|---|
| John A. Sterbick<br>Email: jsterbick@sterbick.com<br>(Ravenscrest Trust) | Marjorie S. Raleigh<br>Email: marjorie.s.raleigh@usdoj.gov<br>(US Trustee) |
| Sam Reed<br>Secretary of State of Washington<br>PO Box 40220<br>Olympia, WA 98504-0220 | Rob McKenna<br>Attorney General of Washington<br>1125 Washington Street SE<br>PO Box 40100<br>Olympia, WA 98504-0100 |
| Dan Radin, Section Chief<br>Bankruptcy and Collections Division<br>Office of the Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104 | All Parties in Interest<br>Served via BNC |

DATE: May 14, 2010

BY: /s/ Juanita C. Kandi

(09-49474 - Ravenscrest Trust)
ORDER DENYING RECONSIDERATION OF DISMISSAL- 4 of 4